892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norbert A. SCHUELLER, J.D., Plaintiff-Appellant,
v.
TRW, INC., TRW Information Services Division (aka TRW Credit
Data), Defendants-Appellee,
 No. 88-15092.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1989.*
Decided Dec. 14, 1989.
 
 Before FLETCHER, FERGUSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Norbert A. Schueller appeals from the order of the district court which granted summary judgment in favor of TRW, Inc. ("TRW"). The district court held that Mr. Schueller had failed to raise a genuine issue of material fact on his claims that TRW had violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). We affirm.
 
 BACKGROUND FACTS
 
 3
 TRW is a consumer reporting agency. It obtains credit information on individuals from subscribers to its service and from the public records. It then supplies that information to its subscribers. The recipients of the reports issued by TRW use that information when they make decisions to extend credit to applicants.
 
 
 4
 TRW has credit files on Mr. Schueller, and it has issued reports regarding him. He claims that those reports have been inaccurate in certain respects, and have led to his being denied credit by report recipients. He claims that TRW failed to use the reasonable procedures required by 15 U.S.C. § 1681e(b), and that it also failed to properly investigate and respond to his consumer disputes. See 15 U.S.C. § 1681i.
 
 JURISDICTION AND STANDARD OF REVIEW
 
 5
 The district court had jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331. We have jurisdiction over this appeal. 18 U.S.C. § 1291.
 
 
 6
 We review the granting of a summary judgment de novo, and apply the same standards that the trial court does. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). For purposes of this case, a few other principles are worth stating.
 
 
 7
 We do not receive further evidence, and our review is limited to the issues presented to the district court. See Harkins Amusement Enter. v. General Cinema Corp., 850 F.2d 477, 482 (9th Cir.1988), cert. denied, sub nom, United Artists Theatre Circuit, Inc. v. Harkins Amusement Enterprises, Inc., --- U.S. ----, 109 S.Ct. 817 (1989); and Anderson v. Cumming, 827 F.2d 1303, 1305 (9th Cir.1987). Thus we will not, for example, rely upon the declaration of Mr. Schueller which was signed long after the district court's judgment in this matter, even though it was made a part of the excerpts of record in this case. We note that no motion to supplement the record has been made, and even if one were made it is most unlikely that it would be granted. See Morgan v. Safeway Stores, Inc., No. 88-1785, slip op. 10859 (9th Cir. Sept. 6, 1989).
 
 
 8
 In addition, a party cannot simply rest on his pleadings or content himself with ruminations and representations, which are not presented in proper evidentiary form. Rather, the moving party need only present the basis for the motion and identify the papers "which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed2d 265 (1986). When the non-moving party then fails to come forward with evidence that shows there is a genuine issue, summary judgment is proper. Celotex, 106 S.Ct. at 2553-54. See Soules v. Kauaians for Nukolii Campaign Comm., 849 F.2d 1176, 1180-81 (9th Cir.1988).
 
 DISCUSSION
 
 9
 The parties have tendered a number of issues to us, which, among other things, touch on the various integrated provisions of the FCRA, the allocation of the burden of proof in FCRA cases, and the standards to be employed in determining the rights and duties of the parties under the FCRA. This court has not previously spoken to these issues, although other courts have. See Pinner v. Schmidt, 805 F.2d 1258 (5th Cir.1987), reh'g denied, 812 F.2d 1405 (1987); Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509 (5th Cir.1982); Stewart v. Credit Bureau, Inc., 734 F.2d 47 (D.C.Cir.1984); Koropoulos v. Credit Bureau, Inc., 734 F.2d 37 (D.C.Cir.1984); and Bryant v. TRW, 689 F.2d 72 (6th Cir.1982).
 
 
 10
 Particularly because the issues have not been decided by us previously, we have earnestly considered all of them. Nevertheless, we find ourselves driven to the conclusion that however they are resolved, Mr. Schueller's appeal will founder on the factual record. He has presented arguments and complaints, but, despite the fact that he was allowed ample discovery, he has simply failed to submit evidence that raises a genuine issue as to any material fact. While he has pointed to a few inaccuracies in the TRW reports, the evidence before the trial court showed that TRW's initial reporting procedures were reasonable. 15 U.S.C. § 1681e(b). As to reinvestigation procedures after a consumer has complained, we are not satisfied that TRW's procedure of asking the original creditor to re-state whether the amount is due will be satisfactory in every circumstance. 15 U.S.C. § 1681i. However, there was no evidence that Mr. Schueller suffered any injury due to defects in those procedures.
 
 
 11
 In short, the district court did not err when it determined that summary judgment should be granted to TRW.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except provided by 9th Cir.R. 36-3