949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvin Howard CANELL, Plaintiff-Appellant,
v.
WASHINGTON COUNTY SHERIFF; Washington County Jail; Nita
Skophammer, Sgt., Defendants-Appellees.
 No. 89-35265.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1991.*
Decided Dec. 4, 1991.
 
 Before TANG, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alvin Canell appeals the district court's grant of summary judgment for the defendants in this 42 U.S.C. § 1983 action.
 
 
 3
 A grant of summary judgment is reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Our review is governed by the same standard used by the trial court pursuant to Federal Rule of Civil Procedure 56(c). Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986).
 
 
 4
 Canell alleged that an improper Washington County detainer kept him from being released from Multnomah County Jail from February 11, 1988 until the afternoon of February 12, when the defendants lifted their detainer. However, as Canell admits, he was held in Multnomah County jail under a Multnomah County detainer until he posted bail March 25, 1988. He alleges that Multnomah County would have released him due to a lack of jail space on February 11 except for the improper Washington County detainer.
 
 
 5
 Washington County filed a summary judgment motion contesting Canell's allegation that Washington County played any part in an improper detention of Canell. Thus, Canell had to come forward with more than just bald assertions to defeat the summary judgment motion. He had to show there was some evidence to prove that Washington County caused his continued detention and that Multnomah County would have released him but for the Washington County detainer. These are essential elements of Canell's claim which he would have had to establish at trial to prevail.
 
 
 6
 In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.
 
 
 7
 Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (emphasis added).
 
 
 8
 Canell relied on the allegations in his pleadings and produced no evidence that Multnomah County would have released him on February 11 and 12. This was fatal to his claim because a "party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). To avoid summary judgment, Canell had to come forward with some proof of the essential elements of his claim. Catrett, 477 U.S. at 324.
 
 
 9
 Because Canell failed to produce any evidence showing the essential element that Multnomah County would have released him on February 11 and 12, there were no genuine issues of material fact to be decided in this case. Catrett, 477 U.S. at 322-23. Consequently, Washington County was entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 
 10
 Canell also argues that the district court based its decision on the second instead of the third amended complaint, and that it improperly refused to amend the judgment. The district court explicitly stated, however, that its summary judgment order applied to the third amended complaint. Therefore, neither claim has merit.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3