946 F.2d 898
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward A. MEAD, Jose Gonzalez, Plaintiffs-Appellees,
v.
Amos E. REED, et al., Defendant-Appellant.
Jose GONZALEZ, Plaintiff-Appellant,
v.
Amos E. REED, Joseph D. Lehman, Kenneth Ducharme, et al.,
Defendants-Appellees.
 Nos. 89-35021, 89-35026.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 10, 1991.*
Decided Oct. 21, 1991.
As Amended on Denial of Rehearing and Rehearing En Banc
Jan. 10, 1992.
 
 Before WALLACE, Chief Judge, and HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 When Jose Gonzalez and Edward Mead were housed at the Washington State Reformatory (WSR), they brought an action under 42 U.S.C. § 1983 alleging that the WSR denied them adequate access to the courts. Gonzalez appeals the district court's dismissal of his damage claim at the conclusion of the plaintiffs' case, and its refusal to order the WSR to expand its law library collection.[1] The district court did issue an injunction ordering the WSR to keep all law library materials current. The WSR appeals that ruling. We affirm.
 
 I. Gonzalez's Appeal
 A. Damages
 
 3
 Gonzalez's damage claim was properly dismissed. He failed to show that he suffered any injury from inadequacies in the WSR library or the mutual aid system. The magistrate's finding that Gonzalez (and Mead) "have not established that they were prejudiced or damaged in any way" by the claimed deficiencies is not clearly erroneous.
 
 
 4
 To the extent that he appeals on behalf of current WSR inmates other than himself, Gonzalez lacks standing. Third party standing is available only when the right of the third party is "inextricably bound up with the activity the litigant wishes to pursue," and when a "genuine obstacle" exists to prevent the third party from asserting his own right. Singleton v. Wulff, 428 U.S. 106, 113-16, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). In most cases where third party standing has been recognized, "the challenged regulations or activities resulted in actual or threatened injury to the plaintiffs even though the activities infringed the constitutional rights of only third parties." Darring v. Kincheloe, 783 F.2d 874, 877 (9th Cir.1986). In this case, there is no impediment to current inmates presenting their own claims. By the same token, there is no indication that infringement of their rights would have caused injury to Gonzalez. Accordingly, he lacks standing to pursue damages on their account.
 
 B. Injunctive relief
 
 5
 Gonzalez contends that the district court should have issued a broader injunction, requiring the WSR to expand its library collection. However, he is no longer incarcerated at the WSR, and no "reasonable expectation" or "demonstrated probability" exists that he will ever return to the WSR. See id. at 876. The status of the WSR law library and the WSR's mutual assistance policies no longer affect Gonzalez and are unlikely to do so in the future. As a result, Gonzalez's appeal on this point is moot. See id.[2]
 
 II. WSR's Appeal
 
 6
 The WSR contends that the district court abused its discretion in directing that all materials in its law library be kept current, not just those on the American Association of Law Libraries' (AALL's) minimum list. We disagree.
 
 
 7
 Although prisoners have a constitutional right to adequate access to the courts, a right which the district court found to be violated in this case, a prison does not need a library sufficient to provide the inmates with the best possible access to the courts. Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 856 (9th Cir.1985). A library that meets minimum constitutional standards is sufficient. Id. However, this circuit has not established specific minimum requirements that a law library must satisfy in order to provide adequate access. See King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987); Lindquist, 776 F.2d at 856. Because there is no constitutionally mandated minimum materials list, the district court cannot be said to have abused its discretion in issuing an injunction requiring that all the materials at the WSR law library be kept current in order to meet constitutional statndards. Having found the library was not up to date, the district court did not overstep the bounds of its discretion in requiring the WSR to keep all books, whether or not on the AALL list, current.
 
 
 8
 DISMISSED IN PART AND AFFIRMED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mead filed no notice of appeal
 
 
 [2]
 Gonzalez also claims that pro se litigants are entitled to a liberal construction of their trial advocacy. Whether or not this is true, we have generously construed Gonzalez's papers and the arguments that he presented at trial, but still find the arguments discussed above to be without merit