976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Casey B. CAMPBELL, Plaintiff-Appellant,
v.
STATE of CALIFORNIA, et al., Defendants-Appellees.
 No. 91-16508.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 18, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Casey B. Campbell appeals pro se the district court's grant of summary judgment in favor of the defendants in Campbell's 42 U.S.C. § 1983 action. We review de novo, Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986), and we affirm.
 
 Defendant Judge Cosgrove
 
 3
 Campbell contends that defendant John Cosgrove, a Placer County Municipal Court judge, is liable for damages under section 1983 because he wrongfully sentenced Campbell to 25 days in the county jail. This contention lacks merit.
 
 
 4
 It is firmly established that judges are immune from damages liability under section 1983 for acts committed within the course of their official duties. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). "Judges lose their immunity from suit only when they act in a non-judicial manner or when they act in 'clear absence of all jurisdiction.' They enjoy absolute immunity even when their actions are erroneous, malicious, or in excess of judicial authority." Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989) (quoting Stump v. Sparkman, 435 U.S. 349, 357 (1978)) (citation omitted).
 
 
 5
 Here, Judge Cosgrove sentenced Campbell to incarceration time for violating the conditions of his probation. Sentencing a defendant is a function normally performed by a judge. Moreover, Campbell's allegations are not sufficient to show that the judge acted outside the scope of his jurisdiction. Accordingly, Judge Cosgrove is absolutely immune from damages. See Pierson, 386 U.S. at 553-54; Tanner, 879 F.2d at 576.
 
 
 6
 Defendants Placer County Sheriff's Department and Placer County
 
 
 7
 Campbell contends that the Placer County Sheriff's Department and Placer County are liable under section 1983 for the deprivation of his right to file a habeas corpus petition. This contention lacks merit.
 
 
 8
 Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.
 
 
 9
 Under section 1983, municipalities are liable only if the deprivation of rights resulted from a policy or custom followed by that municipality. City of Oklahoma City v. Tuttle, 471 U.S. 808, 818 (1985); Monell v. Department of Social Servs. of City of New York, 436 U.S. 658, 691 (1978). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." Tuttle, 471 U.S. at 823-24.
 
 
 10
 In his complaint, Campbell alleged that jail officials ignored his requests for a habeas corpus form. Nevertheless, Campbell has not presented any evidence that Placer County or the Placer County Sheriff's Department followed a policy or custom of failing to provide inmates with habeas corpus forms. According to the affidavit of Steven Reader, Jail Commander of the Placer County Jail: (1) habeas corpus forms are kept at all times in the jail's law library; (2) inmates are allowed access to the law library upon request; (3) any inmate who is denied access to the law library or a request for a court form has the right to file a grievance; and (4) there is no record that Campbell filed a grievance, an incident report, or an infraction. Campbell did not present any affidavits or other evidence to refute the defendants' evidence. Accordingly, the district court correctly granted summary judgment in favor of Placer County and the Placer County Sheriff's Department. See Celotex Corp., 477 U.S. at 322-23.
 
 Defendant Starks
 
 11
 Campbell contends that defendant Dean Starks, a public defender, is liable for damages under section 1983 because Starks (1) was not prepared to represent Campbell at his sentencing hearing, and (2) did not prepare and file a writ of habeas corpus for Campbell. These contentions lack merit.
 
 
 12
 To state a section 1983 claim, the plaintiff must allege facts which show a deprivation of a right, privilege, or immunity secured by the Constitution by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).
 
 
 13
 Here, defendant Starks performed a lawyer's traditional functions as counsel to a defendant in a sentencing hearing. Moreover, Campbell makes only vague allegations that defendant Starks was unprepared for the sentencing hearing. Accordingly, Campbell has not stated a valid section 1983 claim against defendant Starks. See id.; Parratt, 451 U.S. at 535.
 
 Defendant Placer County Revenue Services
 
 14
 Campbell contends that Placer County Revenue Services denied his constitutional rights because it did not accept his partial payment of a fine he owed as part of his sentence. This contention lacks merit.
 
 
 15
 Campbell's allegation alone is not sufficient to state a constitutional violation. Accordingly, because Campbell did not state a valid section 1983 claim, the district court properly granted summary judgment in favor of Placer County Revenue Services. See Celotex Corp., 477 U.S. at 322-23; Parratt, 451 U.S. at 535.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3