977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Chester Clyde ROBNETT, Petitioner-Appellant,
v.
James BLODGETT, Superintendent, Oregon Department of
Corrections, Respondent-Appellee.
 No. 91-35397.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Oct. 14, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chester Clyde Robnett appeals the district court's grant of summary judgment against Robnett in connection with his petition for habeas corpus under 28 U.S.C. § 2254 (1988). We affirm.
 
 STANDARD OF REVIEW
 
 3
 A grant of summary judgment is reviewed de novo. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). The appellate court's review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 RULING
 
 4
 In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court articulated the showing required to establish that defense counsel's performance was so defective as to merit relief pursuant to 28 U.S.C. § 2254 (1988):
 
 
 5
 A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 
 
 6
 Strickland, 466 U.S. at 687.
 
 
 7
 Thus, appellant must demonstrate: 1) that the representation he received from counsel fell below an objective standard of reasonableness; Id. at 688, and 2) that there is a reasonable probability that the ineffectiveness of counsel prejudiced the outcome of the trial. Id. at 694.
 
 
 8
 Robnett claims he has raised a genuine issue of material fact as to whether his trial counsel was so ineffective that he was deprived of a fair trial. In particular, Robnett claims his counsel was ineffective because counsel failed to obtain exculpatory testimony from Robnett's co-defendant, James Milbourn. Robnett argues Milbourn would have testified that Robnett did not rob the store with Milbourn. Robnett further maintains Milbourn would have testified Milbourn and Scott Freeman, commonly known as "Skip," committed the crime. Claiming "newly discovered substantial evidence," Robnett asserts, at the least, a right to an evidentiary hearing.
 
 
 9
 Trial counsel for Robnett testified in a deposition taken in connection with a state post-conviction proceeding that he decided not to call Milbourn because Milbourn's testimony would not have been favorable to Robnett. Trial counsel stated this decision was based on the fact that Milbourn's trial was after Robnett's trial, and counsel believed Milbourn would assert his Fifth Amendment right not to incriminate himself. Trial counsel's testimony indicates he believed he talked either to Milbourn or Milbourn's lawyer, but as of 1986, he could not remember which one. He did remember receiving information that Milbourn's testimony would not be favorable to Robnett. Moreover, counsel also testified to the effect that Milbourn was afraid of Robnett, and that Milbourn's fear explained why he might falsely tell Robnett one thing, face to face in jail, but say something else on the witness stand. What counsel's testimony does show is that notwithstanding a faded memory caused by the passage of time, his decision not to call Milbourn was the product of his informed judgment, not oversight or negligence. Accordingly, we conclude the district court was correct in determining that counsel's choices were acceptable trial tactics rather than unprofessional mistakes.
 
 
 10
 It is true that trial counsel did not expressly say his choice not to call Milbourn was a "tactical choice." Instead, trial counsel stated that he didn't call Milbourn because he believed Milbourn would assert his Fifth Amendment right not to incriminate himself because Milbourn's trial was still pending, and that Milbourn's testimony "wouldn't have helped anyway." However, it may be labelled, trial counsel's decision not to call Milbourn was reasonable under the circumstances and cannot be seen as an unprofessional failure to obtain exculpatory testimony.
 
 
 11
 Robnett argues, however, he has presented evidence justifying at least an evidentiary hearing because Milbourn in 1990 provided Robnett with a statement indicating that Robnett's attorney never asked Milbourn if he would clear Robnett and that, if asked, he would have testified. Further, Robnett argues there is a genuine issue of material fact because counsel for Milbourn currently has no recollection of being contacted by Robnett's trial counsel, nor does he have any indication in his file that Robnett's counsel inquired about Milbourn's testimony. Robnett argues these two pieces of evidence contradict the testimony of trial counsel for Robnett. Appellant's self-styled newly discovered substantial evidence, "uncovered" ten years after the trial, is not persuasive. Among other deficiencies, it ignores the normal deterioration of memory, and it was certainly available in 1986. A current lack of recollection on the part of Milbourn's counsel, and no notation in a file proves little. Absence of proof is not proof of absence. Additionally, Milbourn's current statements are inherently suspect. Thus, we are unable to discern in this proffer any substantial allegation of new evidence. See Townsend v. Sain, 372 U.S. 293 (1963), overruled on other grounds by Keeney v. Tamayo-Reyes, 112 S.Ct. 1715 (1992).
 
 
 12
 Moreover, even assuming for the sake of argument that trial counsel's decision not to call Milbourn was a mistake, Robnett has not shown that the alleged deficient performance prejudiced him. As the district court found, the record indicates that Robnett was "convicted on the basis of strong physical evidence and the testimony of a co-conspirator implicating him in the robbery."
 
 
 13
 The record reflects that Debra Sherer testified that the day after the robbery, she, her roommate Debbie Privett, and Sam Cole drove Milbourn to make a phone call when they saw Robnett's pickup being towed. They started following the tow truck, and when Sherer or Cole asked what was going on, Privett said, in Milbourn's presence, that Robnett and Milbourn had robbed the market the previous night. Sherer was sure that Privett had mentioned both Robnett and Milbourn. Privett then produced a wad of bills from her purse and said they had split nearly three thousand dollars per person. Sherer testified to statements then made by Milbourn giving details of the robbery. Sam Cole confirmed those statements, including the statement that both Robnett and Milbourn had robbed the market. Sam Cole further testified he did not know anyone named "Skip."
 
 
 14
 Finally, during the chase of Robnett's pickup by the police, two passing motorists observed incriminating articles being thrown out of the cab of the pickup. Robnett's story about "Skip" hiding under a tarp in the bed of his truck is manifestly absurd. Robnett was convicted on strong evidence, and he has not shown he was prejudiced by the failure to obtain Milbourn's testimony. Robnett's claim of factual innocence is unconvincing.
 
 
 15
 Other assignments of error as to trial counsel's performance have been made. Upon due consideration, we conclude they are without merit.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3