**David D. DARRING, Plaintiff-Appellant,**

v.

**Larry KINCHELOE, Superintendent of the Washington State Penitentiary, Defendant-Appellee.**

No. 84–4228.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 25, 1985.*

Decided Feb. 24, 1986.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed.R. App.P. 34(a) and Ninth Circuit Rule 3(f).

David D. Darring, in pro. per.

Carol A. Smith, Asst. Atty. Gen., Olympia, Wash., for defendant-appellee.

Before BARNES, FARRIS and CANBY, Circuit Judges.

BARNES, Senior Circuit Judge:

David Darring ("Darring"), a former prisoner and "jailhouse" lawyer at the Washington State Penitentiary in Walla Walla, Washington, appeals the district court's dismissal of his pro se, section 1983 action requesting injunctive relief and damages against the state prison superintendent. The district court granted the superintendent's motion for summary judgment, finding that Darring's request was moot because he had been transferred from the penitentiary at Walla Walla to another facility. We affirm.

I.

Darring filed this action pursuant to 42 U.S.C. § 1983 on April 16, 1984. His initial complaint, which was dismissed by the district court,[1] alleged that an Institutional Order[2] which was promulgated by the Washington State Penitentiary, violated

1. The district court found that the only defendants named in this complaint, the Washington State Penitentiary and the Washington Department of Corrections, were not "persons" within the meaning of 42 U.S.C. § 1983, and therefore not amenable to suit.

2. The Institutional Order to which Darring objects, I.O. 146.041, which became effective December 1, 1983, states:

Inmates are prohibited from having in their possession personal property and/or legal materials belonging to another inmate. Inmates found in possession of such personal property and/or material shall receive an infraction for violating WAC 275-88-025(053) and the material and/or property shall be confiscated.

Darring's constitutional right to meaningful access to the courts.

On April 19, 1984, Darring filed an amended complaint, naming prison Superintendent Kincheloe. Darring challenged the same Institutional Order in his amended complaint, and sought damages and injunctive relief. Although his arguments challenging the Institutional Order are somewhat unclear, we must liberally construe Darring's pro se claims. *See, e.g., Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Jones v. Community Redevelopment Agency,* 733 F.2d 646, 649 (9th Cir.1984).

We interpret Darring's arguments to be (1) his own rights to free communication and access to the courts are impaired by the institutional order, and (2) other inmates are deprived of their rights of access to the courts as a result of the order.

Superintendent Kincheloe filed a motion for summary judgment on August 6, 1984. Darring then filed a cross-motion for summary judgment. The district court granted Kincheloe's motion for summary judgment, denied Darring's cross-motion, and dismissed the complaint with prejudice on September 28, 1984. Darring timely appeals.

II.

The issue presented on appeal is whether the district court properly dismissed Darring's action, finding that (1) the claim for injunctive relief was moot, and (2) the claim for damages failed to satisfy the "case or controversy" requirement of Article III.

 We review a grant of summary judgment *de novo. Lojek v. Thomas,* 716 F.2d 675, 677 (9th Cir.1983)[3]. Our review is governed by the same standard used by the trial court under Fed.R.Civ.P. 56(c), *Twentieth Century-Fox Film Corp. v. MCA Inc.,* 715 F.2d 1327, 1328 (9th Cir. 1983), and we must determine whether there is any issue of material fact and whether the substantive law was correctly applied. *Amaro v. Continental Can Co.,* 724 F.2d 747, 749 (9th Cir.1984); *Lojek,* 716 F.2d at 677.

A. Claim for Injunctive Relief.

 Darring was transferred from the State Penitentiary at Walla Walla to the McNeil Island Corrections Center on July 26, 1984. The district court found that there is neither a "reasonable expectation" nor "demonstrated probability" that Darring will again return to the State Penitentiary. Because of this, the court found that it is unlikely he will ever again be subject to I.O. 146.041.[4] We agree with the district court, that because of this, Darring's claim for injunctive relief is moot. *See Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982).

B. Claim for Damages

The district court rejected Darring's damage claim on the ground that he failed to satisfy the "case or controversy" requirement of Article III. The court found that Darring had failed to come forward with sufficient facts to show that he had suffered any "actual injury" as a result of the Institutional Order. Thus, the court concluded that there was no justiciable case. We agree.

Darring here argues that he does not need to show that he has suffered any actual injury, but only that the *threat* of injury to his rights resulting from the institutional order was sufficient to meet the "case or controversy" requirement. He also argues that he has third-party standing to object to the challenged order because it interferes with other inmates' rights of access to the courts. We reject both arguments.

1. Personal Standing to Challenge the Order.

 We apply a two prong test in order to determine whether Darring has met the "case or controversy" requirement. In or-

---

**3.** The Attorney General of Washington argues that the appropriate standard of review is "abuse of discretion." We disagree.

**4.** *See* note 2, *supra.*

der to have standing to challenge the constitutionality of the institutional order as it affects him personally, Darring must show (1) injury in fact, and (2) causality.

First, Darring must demonstrate that he has a "personal stake in the outcome" of a case to guarantee the "concrete adverseness which sharpens the presentation of issues" necessary for proper resolution of constitutional questions. *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962); *see also N.A.A.C.P. v. City of Richmond*, 743 F.2d 1346, 1350 (9th Cir.1984).

Secondly, Darring must "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision." *Valley Forge Christian College v. Americans United*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982). We hold that Darring failed to show "injury in fact," or one likely to be redressed by a favorable decision.

■ A threatened injury may be justiciable, *see Valley Forge*, 454 U.S. at 472, 102 S.Ct. at 758, and a plaintiff is not required to undergo prosecution as the sole means of seeking relief where he has alleged an intention to engage in a course of conduct that is arguably affected with a constitutional interest but proscribed by a statute, and there exists a credible threat of prosecution thereunder. *Doe v. Bolton*, 410 U.S. 179, 188, 93 S.Ct. 739, 745, 35 L.Ed.2d 201 (1973). Nonetheless, an "imaginary or speculative" fear of prosecution is not enough. *Younger v. Harris*, 401 U.S. 37, 42, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971).

■ We find that the threat of punishment Darring faced was not sufficient to meet the "injury in fact" requirement. He has failed to show that he, or anyone else, was ever "threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible." *Younger v. Harris*, 401 U.S. at 42, 91 S.Ct. at 749.

Furthermore, since he has been transferred from Walla Walla, Darring is no longer subject to I.O. 146.041, nor will he suffer any deprivation from enforcement of the order.

Thus, Darring has failed to "allege such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." *Baker v. Carr*, 369 U.S. at 204, 82 S.Ct. at 703.

### 2. Third Party Standing.

The federal courts have historically been reluctant to recognize third-party standing. *See e.g., Tileston v. Ullman*, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943); *Poe v. Ullman*, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961). Nonetheless, the courts have gradually recognized exceptions to the general rule disfavoring third-party standing, particularly where plaintiffs, who assert the rights of others, are themselves putative defendants who might be charged with violating a statute, ordinance or regulation. *See e.g., Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976) (vendor of 3.2% beer entitled to assert equal protection claim of males between 18 and 21 years of age); *Village of Belle Terre v. Boraas*, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974) (landlords had standing to assert tenants' rights of association and travel); *Doe v. Bolton*, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973) (physicians, against whom anti-abortion statutes directly operate, have standing to raise rights of patients).

■ In all the cases cited above, the challenged regulations or activities resulted in actual or threatened injury to the plaintiffs even though the activites infringed the constitutional rights of only third parties. Plaintiffs, therefore, had standing by reason of their own injuries to raise the third-party constitutional challenges. As we have just explained, however, Darring has suffered no legally cognizable injury from the prison regulation at issue. He

therefore lacks standing to maintain this action, and cannot assert third-party rights pursuant to the holdings in *Craig, Belle Terre* and *Bolton.*

Because Darring has failed to demonstrate injury-in-fact, it becomes unnecessary to determine whether he also fails to meet prudential standing requirements. *See Association of Data Processing Service Orgs., Inc.,* 397 U.S. 150, 152, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970).

### III.

For the reasons set forth above, the judgment of the district court is affirmed.