921 F.2d 246
 32 Soc.Sec.Rep.Ser. 50
 Bernice LUNDERBY, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES; Secretary of
Health and Human Services; Social Security
Administration--United States Department
of Health and Human Services,
Defendants-Appellees.
 No. 89-55420.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Dec. 7, 1990*.
Decided Dec. 26, 1990.
 
 F. Gordon Chytraus, Buena Park, Cal., for plaintiff-appellant.
 Joseph Stein, Asst. Regional Counsel, San Francisco, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before WALLACE, O'SCANNLAIN and RYMER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lunderby appeals the district court's summary judgment in favor of Sullivan, Secretary of Health and Human Services (Secretary), affirming the Department of Health and Human Services's (Department) termination of Lunderby's supplemental security income (SSI). The district court had jurisdiction pursuant to 42 U.S.C. Secs. 405(g) and 1383(c)(3). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 Lunderby began receiving SSI benefits in January 1974. In February 1984, Lunderby also began receiving 40 percent of her former husband's pension pursuant to an amendment in her divorce decree. Lunderby's attorney informed the Social Security Administration (SSA) that payments from the pension would be at a rate of $366.93 per month, continuing until February 1988, at which time Lunderby's share would be reduced to 36 percent. The SSA notified Lunderby that she became ineligible to receive SSI benefits upon receiving pension payments in February 1984.
 
 
 3
 A district court's entry of summary judgment is reviewed de novo. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Judie v. Hamilton, 872 F.2d 919, 920 (9th Cir.1989).
 
 
 4
 Lunderby's claim of entitlement is based on 42 U.S.C. Sec. 1382(a)(1), which provides SSI benefits for blind, aged, and disabled individuals who satisfy certain income and resource eligibility criteria. The Department terminated Lunderby's SSI payments after she began receiving the pension money, based upon a determination that her income exceeded the maximum allowed. Lunderby argues that receipt of her community property share of the pension should not require termination of her SSI, because the pension money is not "income." However, Lunderby directs us to no case and we have found none which supports this position.
 
 
 5
 Congress defines "income" for SSI purposes, as both "earned" and "unearned" income. 42 U.S.C. Sec. 1382a(a); Grunfeder v. Heckler, 748 F.2d 503, 506 (9th Cir.1984) (en banc). Unearned income includes support, alimony, and pension payments. 42 U.S.C. Sec. 1382a(a)(2)(B) and (E); 20 C.F.R. Sec. 416.1121(a) and (b) (1990). Further, the SSA defines "income" as "anything you receive in cash or in kind that you can use to meet your needs for food, clothing, or shelter." 20 C.F.R. Sec. 416.1102 (1990).
 
 
 6
 Lunderby's receipt of her share of the pension is, as she argues, receipt of community property. However, nothing in the statute or regulation indicates that Congress intended to exclude pension payments from classification as income, merely because they were characterized in a divorce proceeding as the recipient's community property. Accordingly, the pension payments should be considered "unearned income" under the language of the Act.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)