980 F.2d 740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Max WALDEN, Hanford Victorian Inn, Inc., Plaintiffs/Appellants,
v.
RESOLUTION TRUST CORPORATION, Receiver for Westport Federal
Savings Bank; Kings Harvest Savings and Loan Association, a
Division of Westport Savings Bank, and Does 1-50, inclusive,
Defendants/Appellees.
 No. 91-16322.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1992.
Decided Nov. 30, 1992.
 
 1
 Before SCHROEDER, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 This case requires us to decide whether the doctrine of D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447 (1942), bars an action to recover for breach of an oral contract to make a loan. Following FSLIC v. Gemini, 921 F.2d 241 (9th Cir.1990), we hold that it does, and affirm the summary judgment in favor of the Resolution Trust Corporation ("RTC").
 
 
 4
 We review the district court's entry of summary judgment de novo. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986).
 
 
 5
 FSLIC v. Gemini Management, 921 F.2d 241 (9th Cir.1990), controls this case. In Gemini, the Federal Savings and Loan Insurance Company ("FSLIC"), predecessor-in-interest to the RTC, successfully invoked the D'Oench doctrine to bar a claim based on an alleged breach of an agreement to make a loan. Id. at 242. Gemini held that "D'Oench and its progeny require a clear and explicit written obligation" of an agreement to make a loan. Id. at 245. Walden's alleged agreement to make a loan fails to satisfy this requirement.
 
 
 6
 The facts of Gemini were as follows: In negotiations with Centennial Savings and Loan Association, Gemini obtained a loan commitment letter supported by full loan documentation. After the loan was made, Gemini defaulted. FSLIC, appointed receiver for Centennial, then sued to recover the borrowed funds. Gemini asserted as a defense and an affirmative counterclaim that Centennial had breached an agreement to loan additional funds, which allegedly had been orally agreed to when the first loan was made. Gemini cited as evidence of the alleged agreement a previous loan commitment letter, which was not an enforceable instrument but provided some written confirmation that Centennial had, at least at one time, contemplated loaning Gemini the additional funds. We explained, however, that the thrift's " 'intent' to loan the additional $445,000 falls short of establishing that Centennial was obligated to fund the entire project." Id. at 245. An explicit written obligation to make the loan was required so that " 'federal and state bank examiners [may] rely on a bank's records in evaluating the worth of the bank's assets.' " Id. (quoting Langley v. FDIC, 484 U.S. 86, 91 (1987)).
 
 
 7
 Following Gemini, we hold that Walden's claim is barred by the D'Oench, Duhme doctrine.[1] Walden's letter from Kings Harvest, while it exhibits the thrift's intent to make a loan, is not a clear and explicit obligation to do so. The letter makes no mention of interest rates or repayment schedules, and gives the intended loan amount only in "approximate" terms. Any bank examiner forced to rely on this writing would have no way of knowing that King's Harvest had a binding obligation to go forward with a loan on specified terms. The writing Walden obtained from Kings Harvest, like the writing at issue in Gemini, indicated an intent to make a loan in the future, but did not constitute a "clear and explicit written obligation" such as this court requires. Gemini, 921 F.2d at 245.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we decide this case under the common law doctrine of D'Oench, Duhme, we do not reach the questions whether FIRREA can be retroactively applied and whether 12 U.S.C. 1823(e) in its post-FIRREA form bars this suit. Moreover, we note that Walden's fraud claim based upon intent not to perform the alleged promise to make a loan necessarily fails because no such enforceable promise was ever made