985 F.2d 574
 RICO Bus.Disp.Guide 8209
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donnell J. RICHARDS and Andree Richards, Plaintiffs-Appellant,
v.
John Jay CASEY; Holland-Livestock Ranch; Casey Ranches;
and Numeroff-Holland Company, Defendants-Appellee.
 No. 91-16255.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Dec. 15, 1992.
Decided Jan. 22, 1993.
 
 Appeal from the United States District Court for the District of Nevada No. CV-88-00340-HDM; Howard D. McKibben, District Judge, Presiding.
 D.Nev.
 AFFIRMED.
 Before WILLIAM A. NORRIS, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donnell and Andree Richards (Richards), Nevada cattle ranchers, brought a civil RICO action against John Casey (Casey), another cattle rancher. The district court entered summary judgment for Casey, stating that as a matter of law, Richards had not made out a case or controversy. We consider whether Richards has shown the requisite two or more racketeering violations under 18 U.S.C. § 1961 et seq. He has not; the district court's grant of summary judgment is affirmed.
 
 
 3
 * We review the grant of summary judgment de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992). This is the same standard used by the district court under Fed.R.Civ.P. 56(c). Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986).
 
 II
 
 4
 The elements of a violation of 18 U.S.C. § 1962(c) are (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. Wilcox v. First Interstate Bank of Oregon, 815 F.2d 522, 531 n. 7 (9th Cir.1987). "A plaintiff has standing only if he or she can show an injury to business or property by the conduct constituting the violation. In addition, the plaintiff must also prove the elements of the predicate act." Id. (citations omitted).
 
 
 5
 The RICO statute, 18 U.S.C. § 1961(5), requires "at least two acts of racketeering activity" to establish a pattern. Schreiber Distrib. Co. v. Serv-well Furniture Co., 806 F.2d 1393, 1399 (9th Cir.1986). The district court held that Richards did not and could not show this requisite pattern.
 
 
 6
 In the second amended complaint, Richards claimed three distinct categories of predicate act violations under RICO. They are:
 
 
 7
 1. one violation of 18 U.S.C. § 1952 (interstate travel in aid of racketeering)
 
 
 8
 2. two violations of 18 U.S.C. § 1961(1)(D) (offense involving bankruptcy fraud)
 
 
 9
 3. violations of 18 U.S.C. § 371 (conspiracy to commit offense or to defraud United States); 18 U.S.C. § 1001 (false statements to United States agency); 43 U.S.C. §§ 1751 et seq.; 43 U.S.C. § 1701; 43 U.S.C. § 1901 (public land range management and improvement statutes); and various pendant Nevada state law claims
 
 
 10
 The evidence does not establish a pattern of racketeering activity.
 
 1. Interstate travel
 
 11
 Discovery revealed no evidence that Casey conducted interstate travel in aid of racketeering; indeed, Richards has abandoned reliance on this statute as a predicate act. (Deposition of Donnell Richards, Nov. 16, 1990, at 378).
 
 2. Fraud
 
 12
 The alleged fraud in connection with bankruptcy occurred in two separate bankruptcy cases: the William Casey bankruptcy, BK-84-603, and the Piquet Ranch bankruptcy, BK-85-467. Richards claims that Casey represented to the William Casey bankruptcy court that the ranch would support more cattle than it was actually capable of sustaining. Casey testified before the bankruptcy court as to his willingness to lease cattle to the debtor ranches. Casey also testified as to the carrying capacity of the ranch. Casey concedes that a factual issue may exist regarding this bankruptcy proceeding. (Casey's Answering Brief at 4.)
 
 
 13
 Richards must prove a second predicate act. Richards alleges that Casey made similar fraudulent representations in the Piquet Ranch bankruptcy, but concedes that "there is no direct evidence of J. Casey's knowledge of the Piquet's bankruptcy." (Richards' Opening Brief at 8.) Casey unilaterally denies that he knew the Piquet Ranch was in bankruptcy when he did business with it. (Affidavit of John Casey.) Discovery revealed no evidence that Casey or any other defendant had any connection with the Piquet Ranch bankruptcy. Casey did not testify, submit documents, or contact the bankruptcy court in any way. Richards testified at a deposition that he had no evidence that Casey was involved in the bankruptcy, other than the fact that there was a lease and that Piquet Ranch was in bankruptcy. (Deposition of Donnell Richards at 347-48.)
 
 
 14
 Even accepting Richards' allegations concerning the William Casey bankruptcy as true, Richards needs another predicate act of racketeering activity. He has not shown its possibility.
 
 3. Other allegations
 
 15
 The alleged violations in category three are not cognizable as predicate acts under RICO. 18 U.S.C. § 1961(1).
 
 III
 
 16
 The summary judgment order of the district court is AFFIRMED. Casey's request for attorney's fees is DENIED; each side shall bear its own costs on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3