988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Gene DAVID, Petitioner-Appellant,
v.
Samuel LEWIS, et al., Respondent-Appellee.
 No. 92-15407.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1992.*
Decided Feb. 23, 1993.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-90-1238-SMM; Stephen M. McNamee, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before WILLIAM A. NORRIS, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael David, an Arizona state prisoner, appeals pro se the district court's judgment granting the defendant prison official's motion for judgment on the pleadings and dismissing David's § 1983 action for injunctive relief. The district court dismissed this action as moot, and we affirm.
 
 I. Facts
 
 3
 David sought injunctive relief under 42 U.S.C. § 1983 to correct various alleged unconstitutional conditions at the Arizona State Prison Complex at Perryville (ASPC-P). In his motion in opposition to defendants' motion to dismiss, submitted to the district court on January 26, 1991, David informed the court that he was no longer being housed at ASPC-P. He was transferred back to ASPC-P on December 27, 1991, but he did not inform the district court or defense counsel of his return to ASPC-P. The district court refused to grant David injunctive relief on the ground that he had been transferred out of ASPC-P and there was no indication that he would be transferred back. The court issued an order dismissing his claim on February 11, 1992.
 
 
 4
 II. David's Failure to Inform Court of Return to ASPC-P
 
 
 5
 When an inmate is transferred out of a prison where he was allegedly subjected to unconstitutional conditions and there is no reasonable expectation that the wrong will be repeated, an action for injunctive relief is rendered moot because the suit fails to present a case or controversy as required by Article III of the Constitution. Preiser v. Newkirk, 422 U.S. 395, 403 (1975); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). Since David was returned to ASPC-P before the district court issued its order, we must decide whether dismissal was nonetheless proper in light of his failure to inform the district court of his transfer.
 
 
 6
 In his motion in opposition to defendants' motion to dismiss, David represented to the district court that he was no longer housed at ASPC-P. The district court relied on David's representations in its decision to dismiss the action. Since he failed to inform the court (or defense counsel) of his transfer, it was not included in the record. The district court made the required ruling on the record before the court. If David sought to maintain his action because he had been returned to the prison with the objectionable conditions, he should have notified the court of his return to ASPC-P before it ruled on the motion to dismiss. Failing that, David could and should have moved to alter the judgment under Federal Rule of Civil Procedure 59, or moved for relief from the judgment under Federal Rule of Civil Procedure 60 after the court issued its order dismissing the case. It is not for the appellate court to correct the judgment because of facts not before the district court. Although we affirm the district court's dismissal of David's § 1983 action, based upon the record then before it, our disposition is without prejudice to a subsequent action by David.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3