996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Otis TOLBERT, Plaintiff-Appellant,
v.
H. Lawrence GARRETT, III, Secretary of the Dept. of the
Navy, Defendant-Appellee.
 No. 92-15062.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 18, 1993.
Decided June 29, 1993.
 
 1
 Before: NORRIS, RYMER, Circuit Judges and TAYLOR, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant in this case sued the Navy for civil rights violations under 42 U.S.C. § 717(c), only to see his claim defeated on summary judgment on the ground that a settlement agreement blocked his suit. Because there is an unresolved issue of material fact, namely whether the Navy materially breached the settlement agreement, we vacate and remand.
 
 
 4
 In Arnold v. United States, 816 F.2d 1306 (9th Cir.1987), we said:
 
 
 5
 Normally if a party enters into a settlement agreement knowingly and voluntarily, the agreement is treated as a binding contract and the party is precluded from raising the underlying claims. However, if one party breaches a settlement, the other has the option of enforcing the terms of the settlement or rescinding the settlement and suing on the original claims.
 
 
 6
 Id. at 1309 (internal citations omitted). In Arnold, we held that the government's breach of a civil rights settlement agreement did not bar the plaintiff from reopening the case on its merits. Id. at 1310. Arnold is merely an application, in federal civil rights law, of the election of remedies principle well established in the law of contracts. See, e.g., 17A Am.Jur.2d, Contracts, Section 725 (1991).
 
 
 7
 Arnold controls this case. If appellant is able to establish a material breach of his settlement agreement, he may elect to rescind the agreement and proceed with his civil rights claim in the district court. The Navy argues it has committed no material breach, citing the findings of a since-vacated decision by an Administrative Law Judge. We look instead to the evidentiary record, since our review of summary judgments is de novo. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986).
 
 
 8
 On this record, we find an unresolved issue of material fact on the question whether the Navy materially breached its settlement agreement with Tolbert. According to the declaration of Mary Loise Frampton, the Navy promised not to prosecute Tolbert on any leave issues, but the Navy nevertheless continued its investigation of him for six months and then referred the matter to the U.S. Attorney for prosecution. The Navy promised not to communicate any derogatory remarks regarding Tolbert to prospective employers. Yet in a letter to the Office of Personnel Management it accused Tolbert of defrauding the government and abusing his leave. And the Navy promised to inform Tolbert of all vacancies and to provide him with positive references, both of which it failed to do. Finally, the declaration alleges that the Navy wrongfully withheld a portion of the $20,000 awarded Tolbert under the settlement agreement.
 
 
 9
 Because there is a factual dispute as to whether the Navy materially breached its settlement agreement, and because such a breach would entitle Tolbert to rescind the agreement, we VACATE the summary judgment and REMAND for proceedings consistent with this disposition.
 
 
 
 *
 Honorable Gary Taylor, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3