In re Jay S. SODERLING, Debtor.

FEDERAL DEPOSIT INSURANCE COR-PORATION, as manager of the Federal Savings and Loan Insurance Resolution Fund, Plaintiff–Appellee,

v.

Jay S. SODERLING, an individual, and Evelyn Ruth Soderling, his spouse, Defendants–Appellants.

In re Leif David SODERLING, Debtor.

FEDERAL DEPOSIT INSURANCE COR-PORATION, as manager of the Federal Savings and Loan Insurance Resolution Fund, Plaintiff–Appellee,

v.

Leif David SODERLING, an individual, and Sydney Lynn Soderling, his spouse, Defendants–Appellants.

In re Evelyn Ruth SODERLING, Debtor.

FEDERAL DEPOSIT INSURANCE COR-PORATION, as manager of the Federal Savings and Loan Insurance Resolution Fund, Plaintiff–Appellee,

v.

Evelyn Ruth SODERLING, an individual, and Jay S. Soderling, her spouse, Defendants–Appellants.

In re Sydney Lynn SODERLING, Debtor.

FEDERAL DEPOSIT INSURANCE COR-PORATION, as manager of the Federal Savings and Loan Insurance Resolution Fund, Plaintiff–Appellee,

v.

Sydney Lynn SODERLING, an individual, and Leif David Soderling, her spouse, Defendants–Appellants.

Nos. 91–16406, 91–16919.

United States Court of Appeals, Ninth Circuit.

No. 91–16406 submitted February 5, 1993.

No. 92–16919 submitted February 9, 1993 *.

Decided July 13, 1993.

R.App.P. 34(a); Ninth Cir.R. 34–4.

Jay S. Soderling, Leif David Soderling, Evelyn Ruth Soderling, and Sydney Lynn Soderling, pro per.

Robert L. Eisenbach III and Betty Ann Smith, Cooley, Godward, Castro, Huddleston & Tatum, Daniel M. Linchey, Goldberg, Stinnett & MacDonald, Duane C. Musfelt, Lewis, D'Amato, Brisbois & Bisgard, San Francisco, CA, and Dennis V. Milner, F.D.I.C., San Jose, CA, for plaintiff-appellee.

Before: FLETCHER, REINHARDT, and NOONAN, Circuit Judges.

FLETCHER, Circuit Judge:

The Soderlings appeal the district court's entry of partial summary judgment holding that the FDIC's claim based on the criminal restitution judgment entered against Leif and Jay Soderling is nondischargeable as to both their separate and community property.[1] If the judgment is affirmed, the Soderlings are liable for more than $4.8 million (exclusive of interest), notwithstanding the fact that both brothers and their wives have filed Chapter 7 bankruptcy petitions.

We must decide whether a federal criminal restitution judgment is dischargeable under

---

1. The district court entered its order in cases C–90–1904 (Jay Soderling) and C–90–1908 (Leif Soderling) on July 31, 1991, and in cases C–90–1903 (Sydney Soderling, Leif's spouse) and C–90–1906 (Evelyn Soderling, Jay's spouse) on October 20, 1992. The court, determining that the criminal restitution issue was "separate and distinct from the remaining claims in the [FDIC's] complaint," and that "no just reason exists for delay," entered partial judgments pursuant to Bankruptcy Rule 7054(b). *In re Soderling*, Nos.

735735

32

federal law as against Jay and Leif Soderling's separate property, and, if not, whether such a judgment is dischargeable as against community property owned by each Soderling couple. The district court had jurisdiction over the underlying bankruptcy cases pursuant to 28 U.S.C. §§ 157(d), 1334 (1988). We have jurisdiction over these timely appeals pursuant to 28 U.S.C. § 1291 (1988).

The district court held that the criminal restitution judgment imposed by it against Leif and Jay Soderling is nondischargeable as a "fine, penalty, or forfeiture payable to and for the benefit of a governmental unit" within the meaning of 11 U.S.C. § 523(a)(7) (1988). Leif and Jay Soderling pled guilty in 1987 to various crimes in connection with their ownership and operation of Golden Pacific Savings, including the misapplication of funds belonging to the thrift. As part of their sentences, the district court ordered the brothers to pay restitution of almost $6.75 million to the Federal Savings & Loan Insurance Corp. ("FSLIC").[2] To date, only slightly more than $1.9 million has been recovered by FSLIC's successor, the FDIC.[3]

■ A grant of summary judgment is reviewed de novo. *Jones v. Union P.R.R.*, 968 F.2d 937, 940 (9th Cir.1992). Our review is governed by the same standard used by the district court under Federal Rule of Civil Procedure 56(c). *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986). We must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact

and whether the district court correctly applied the relevant substantive law. *FDIC v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir.1992).

The relevant statute, 11 U.S.C. § 523(a)(7), provides that

(a) A discharge under section 727, 1141,[ ] 1228(a), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit. . . .

■ *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), held that in Chapter 7 proceedings a *state* court criminal restitution order is nondischargeable under § 523(a)(7). *Id.* at 53, 107 S.Ct. at 363. Post-*Kelly*, every court to consider the scope of this statute has held that a *federal* restitution order is nondischargeable in Chapter 7 proceedings as well. *See, e.g., United States v. Vetter*, 895 F.2d 456, 459 (8th Cir.1990) ("rationale in *Kelly* applies equally to restitution orders entered as part of a criminal sentence by federal and state courts"; "such restitution orders are excepted by section 523(a)(7) from discharge in Chapter 7 bankruptcy proceedings, [and] whether the restitution was ordered before or after the bankruptcy proceeding commenced is irrelevant"); *United States v. Caddell*, 830 F.2d 36, 39 (5th Cir.), *reh'g denied, en banc*, 833 F.2d 1010 (5th Cir.1987); *Fernandez v. IRS (In re Fernandez)*, 112 B.R. 888, 892 (Bankr.N.D. Ohio

C–90–1903, C–90–1906 (Oct. 20, 1992) (Peckham, J.); *In re Soderling*, Nos. C–90–1904, C–90–1908 (July 31, 1991) (Peckham, J.).

**2.** More precisely, the court sentenced the Soderling brothers "to make full and complete restitution to [FSLIC] for any and all net losses sustained by Golden Pacific Savings . . . in connection with [seven specified transactions]." CR 68, Exh. 9 (Judgment and Probation/Commitment Order, *United States v. Soderling*, No. CR 87–0143 (June 29, 1987) (Peckham, J.)). The restitution amount was defined as "the difference between the amounts loaned or expended by Golden Pacific Savings . . . and the amounts recovered from sale of the properties [involved in the seven transactions]. . . ." *Id.* That amount was eventually determined to be $6,745,648.98.

*Id.* at Exh. 14 (*United States v. Soderling*, No. CR 87–0143, slip op. at 9 (N.D.Cal. Dec. 1, 1989)).

**3.** The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.L. 101–73, 103 Stat. 183 (1989), "delegated to the FDIC the responsibilities of the FSLIC." *FDIC v. Letterman Bros.*, 980 F.2d 1298, 1299 (9th Cir.1992) (citing 12 U.S.C.A. § 1811 (1989 and Supp.1992)). Thus, FDIC was automatically substituted as creditor in the Soderling bankruptcy cases. *FDIC v. O'Melveny & Meyers*, 969 F.2d 744, 746 n. 2 (9th Cir.1992); *FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478, 480 n. 1 (9th Cir. 1992) (same) (citing FIRREA § 401(f)(2), "reprinted at 12 U.S.C.A. § 1437 (repealed 1989) (Historical and Statutory Notes)").

1990); *FDIC v. Wright (In re Wright)*, 87 B.R. 1011, 1015 n. 3 (Bankr.S.D.1988) ("[i]n cases decided since *Kelly*, it has been held that the rationale of the Supreme Court applies equally to restitution obligations imposed under sentences for federal crimes").

We therefore hold that, as a matter of law, the FDIC is entitled to summary judgment that its claim based on the federal court criminal restitution order is nondischargeable under 11 U.S.C. § 523(a)(7).[4]

This conclusion leaves the question of whether the nondischargeable claim can reach beyond the separate property of the Soderling brothers so as to be nondischargeable as to the Soderling couples' community property as well. All claims against a marital community are discharged "except a community claim that is exempted from discharge under[, *inter alia*,] section 523." 11 U.S.C. § 524(a)(3) (1988). A "community claim" is defined as any "claim that arose before the commencement of the case concerning the debtor for which property of the kind specified in section 541(a)(2)[5] of this title is liable, whether or not there is any such property at the time of the commencement of the case." *Id.* § 101(7) (1988).

■ A somewhat more helpful elaboration is suggested by one commentator:

Unlike a claim, a "community claim" is a debt owed by the debtor *or the debtor's spouse*, which under state law could have been satisfied from community property that would have passed to the debtor's bankruptcy estate, whether or not such

property existed at the commencement of the case. Thus, three criteria must be met before an obligation has the status of a community claim: (1) it must be a debt owed by one of the spouses; (2) it must be satisfiable from community property under applicable state law; and (3) the community property from which the debt could be satisfied under state law must be included within the assets which would pass to the debtor's bankruptcy estate, whether or not such assets exist at the commencement of the case.

Alan Pedlar, *Community Property and the Bankruptcy Reform Act of 1978*, 11 St. Mary's L.J. 349, 351–52 (1979), *quoted in In re Sweitzer*, 111 B.R. 792, 793 (Bankr. W.D.Wis.1990). The bottom line is that "[w]hether or not a creditor holds a community claim will be determined by state law." *In re Sweitzer*, 111 B.R. at 793.

■ Since § 541(a)(2) measures the community property portion of the bankruptcy estate "as of the commencement of the case," it is appropriate to refer to the law of the state where the debtor and his spouse lived when the petition was filed. Both Soderling couples lived in California during and immediately after the filing of the Chapter 7 petitions. Under California law, all community property is liable for debts of either spouse incurred before or during marriage. Cal.Civil Code § 5120.110 (West Supp.1993); *see also id.* §§ 5122(b)(1), 5122(b)(2) (West Supp.1993). In this context, a "debt" is "an obligation incurred by a married person before or during marriage, whether based on contract, tort, or otherwise." *Id.* § 5120.030 (West Supp.1993).

In interpreting this provision we must determine how the California Supreme Court

---

4. In *Pennsylvania Department of Public Welfare v. Davenport*, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990), the Supreme Court held that state criminal restitution orders were dischargeable in Chapter 13 proceedings. Congress quickly overruled that holding in P.L. 101–581, § 3, 104 Stat. 2865 (1990), codified at 11 U.S.C. § 1328(a)(3). Thus, restitution orders are now nondischargeable under both Chapter 7 and Chapter 13.

5. Section 541(a)(2) provides that the filing of a bankruptcy petition creates an estate, which, among other types of property, includes

[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is

　(A) under the sole, equal, or joint management and control of the debtor; or

　(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

11 U.S.C. § 541(a)(2) (1988).

734

would construe it. *See Aetna Casualty & Surety v. Sheft*, 989 F.2d 1105, 1106–07 (9th Cir.1993). Although no California case considers whether a federal restitution judgment is a "debt" under state community property law, the Supreme Court has held that a state restitution obligation is a "debt" within the meaning of the Bankruptcy Code. *Pennsylvania Dep't of Public Welfare v. Davenport*, 495 U.S. 552, 557–63, 110 S.Ct. 2126, 2130–33, 109 L.Ed.2d 588 (1990); *see also* 11 U.S.C. § 1328(a)(3) (restitution judgment is nondischargeable debt in Chapter 13 cases). A "debt" is defined in 11 U.S.C. § 101(11) as a "liability on a claim." A "claim," in turn, is defined as a "right to payment." 11 U.S.C. § 101(5)(A).

■ We believe that the California Supreme Court would find that the Bankruptcy Code's definition of a debt as a liability based on a right to payment is synonymous with California law's definition of a debt as an obligation. They are alternative expressions of the same concept. Therefore, we conclude that California's highest court would determine, on the basis of the Supreme Court's reasoning in *Davenport*, that the federal criminal restitution judgments against Leif and Jay Soderling are "debts" under California community property law. They are also debts that were incurred during the Soderlings' respective marriages and, as the district court noted, prior to the commencement of their bankruptcy cases. Thus, the FDIC's claim as a claim against the respective communities is nondischargeable and all of the community property of both Soderling couples is potentially liable for the debt represented by the claim.

As they did below, some of the Soderlings' arguments continue to challenge aspects of the restitution order itself. These are noncognizable. The validity of the criminal restitution orders, both as to scope and enforceability, has been decided adversely to the Soderlings. *United States v. Soderling*, 970 F.2d 529, 531 (9th Cir.1992) (the Soderling brothers "struck a deal," agreeing "to make restitution for the losses stemming from those two offenses and from the other five

transactions"; "[i]n accordance with the plea agreement, the court ordered the Soderlings to make restitution for losses stemming from the *seven transactions* in question") (emphasis added).

Their claim that the so-called "RLI Settlement" released them from any claim or demand relating to Golden Pacific Savings is similarly meritless. Paragraph 4 of the Settlement explicitly provides that "[t]his agreement is not intended to affect any obligations Leif Soderling and Jay Soderling may have to make criminal restitution to FDIC as provided in their sentencing orders … in … Case Number CR 87–0143." CR 68, Exh. 24. The Soderlings' claim now to the contrary is both disingenuous and plainly incorrect. These claims, like their others, are a "rehash of arguments previously considered and rejected by [the district] court." *In re Soderling*, Nos. C–90–1904, C–90–1908 (July 31, 1991).

The Soderlings also claim that the amount credited against the restitution judgment from the proceeds of the disposition of certain interests in real property was inadequate. The record reveals no possible factual dispute that the proceeds were not properly applied toward restitution. The net amount from the disposition was computed by subtracting various administrative costs from the actual sale figure, as contemplated by the parties. Partial summary judgment was clearly appropriate.

The district court's determination that a balance of $4,841,806.98, exclusive of interest, remains unsatisfied from the original criminal restitution judgment of over $6.7 million, and, pursuant to 11 U.S.C. §§ 523(a)(7) and 524(a)(3), is not dischargeable as to either the Soderling brothers' separate property or the Soderling couples' community property, is AFFIRMED.