5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael C. MEEKS, Plaintiff-Appellant,
v.
CALIFORNIA DEPT. OF CORRECTIONS, Defendants-Appellees.
Michael C. MEEKS, Plaintiff-Appellant,
v.
Rosemary DEWITT, et al., Defendants-Appellees.
 Nos. 91-56104, 91-55923.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided Aug. 31, 1993.
 
 Appeal from the United States District Court for the Southern District of California; No. CV-89-0547, Earl B. Gilliam, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before: REINHARDT and RYMER, Circuit Judges, and WOOD, JR., Senior Circuit Judge.**
 
 
 1
 MEMORANDUM***
 
 
 2
 This is a consolidated appeal from two actions. The district court had jurisdiction under 28 U.S.C. Sec. 1343 and 42 U.S.C. Sec. 1983, and we have jurisdiction under 28 U.S.C. Sec. 1291. Plaintiff Meeks appeals both the district court's dismissal of one of the defendants and its later ruling in favor of all remaining defendants on a motion for summary judgment. We affirm.
 
 I. BACKGROUND
 
 3
 From approximately August 14, 1988, until January 24, 1989, plaintiff Michael C. Meeks was incarcerated at R.J. Donovan Correctional Facility ("Donovan"). During that time Meeks' personal home was in danger of foreclosure, and he sought access to the prison library in order to obtain materials to assist in filing a bankruptcy petition. The schedule of the prison library, however, conflicted with Meeks' work hours, and Meeks therefore initially was unable to obtain access to the library. After submitting an inmate grievance appeal, a correctional administrator granted Meeks access to the minimum security library, which had no bankruptcy materials.
 
 
 4
 Meeks claims that the lack of library access and materials prevented him from filing his bankruptcy petition in bankruptcy court until March 14, 1989. Although his filing on March 14 automatically prevented foreclosure until the following March, Meeks claimed that he had had access to bankruptcy materials at the library, he would not have suffered "irreparable emotional distress and/or unhealthy psychological effects [for] which there was no penological justification...." Meeks also claimed that Donovan prevented him from filing a "supplemental brief" in the appeal of his criminal conviction, for which he already was represented by appointed counsel. The complaint sought both injunctive relief and damages totalling $670,001.00.
 
 
 5
 On February 21, 1991, the district court granted a motion to dismiss defendant Ratelle, the warden at Donovan, on the grounds that the complaint failed to allege that Ratelle was personally involved pursuant to 42 U.S.C. Sec. 1983. Meeks' appeal from the order to dismiss constitutes the first of the two consolidated appeals. On July 12, 1991, the district court granted summary judgment in favor of the remaining defendants because: (1) the Constitution does not require prison libraries to carry bankruptcy materials; (2) Meeks suffered no actual injury from his inability to work more promptly on his bankruptcy matters; and (3) Meeks was represented by appointed counsel on his criminal appeal, satisfying Meeks right of access to the courts. Meeks appeal from the order granting summary judgment constitutes the second of the two consolidated appeals.
 
 II. ANALYSIS
 A.
 
 6
 Meeks' request for injunctive relief is moot. An issue is moot if it has "lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law." Hall v. Beals, 396 U.S. 45, 48 (1969) (per curiam) (citations omitted); see also Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 853-54 (9th Cir.1985). Because Meeks no longer is incarcerated at Donovan, relief such as granting Meeks greater access to the Donovan library and protecting Meeks from retaliatory treatment by the Donovan staff would be ineffectual. Meeks neither alleged that he presently is under the control of the defendants or their agents, nor that he will come under their control in the near future.
 
 
 7
 Additionally, Meeks' appeal of the dismissal of Ratelle can be considered only if an underlying cause of action exists. See Lee v. Schmidt-Wenzel, 766 F.2d 1387, 1389-90 (9th Cir.1985) (request for declaratory and injunctive relief regarding board of directors mooted by election of new board). The district court granted summary judgment in favor of all other defendants on the merits, and had the court not dismissed Ratelle earlier, summary judgment would have been granted in his favor as well. Thus, the heart of Meeks' appeal rests on the contention that the district court improperly granted the defendants' motion for summary judgment.
 
 B.
 
 8
 Grants of summary judgment are reviewed de novo. See Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). Thus, this court must determine whether "there is no genuine issue as to any material fact and [if] the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Darring, 783 F.2d at 876. Because there is no genuine issue as to a material fact, the only question is whether the defendants were entitled to judgment as a matter of law.
 
 
 9
 First, as to Meeks' claim regarding access to bankruptcy materials, the defendants were entitled to judgment as a matter of law. Although inmates do have a constitutional right to meaningful access to the courts, including the use of adequate law libraries or adequate assistance from persons trained in the law, see Bounds v. Smith, 430 U.S. 817, 828 (1977), that access is limited to "getting books that will help [prisoners] with a case attacking their conviction or complaining of their treatment." Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir.1991). A contrary rule would lead to the absurd conclusion that correctional institutions are constitutionally required to assist inmates in pursuing tort claims based on conduct that arose prior to their incarceration.
 
 
 10
 Meeks' argument based on denial of access to the library to work on his criminal appeal[1] can be dismissed easily. Inmates are entitled to either adequate law libraries or adequate assistance from persons trained in the law, but certainly not both. Bounds, 430 U.S. at 828; Lindquist, 776 F.2d at 855. Meeks had an appointed counsel working on his criminal appeal, satisfying his right of access to the courts. See United States v. Wilson, 690 F.2d 1267, 1271 (9th Cir.1982). The constitution does not require that inmates be allowed to serve as co-counsel to their appointed counsel.
 
 III. CONCLUSION
 
 11
 The district court correctly granted summary judgment on the merits in favor of all remaining defendants. Because the grounds for granting summary judgment apply equally to defendant Ratelle, determining whether the district court properly dismissed defendant Ratelle is unnecessary. The judgment of the district court is
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Harlington Wood, Jr., United States Senior Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In fact, Meeks' briefs, which are entirely handwritten and at some points unintelligible, are unclear as to whether he even seeks to raise this argument on appeal