9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenny JACKSON, Plaintiff-Appellant,
v.
V. WILLIAMSON; Hubbard; K.A. Parish-Reese; Caton;
Williams; Larson; et al., Defendants-Appellees.
 No. 93-16219.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 26, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenny Jackson, a California state prisoner, appeals pro se the district court's denial of his request for a preliminary injunction in his 42 U.S.C. § 1983 action alleging that prison officials violated his constitutional rights by retaliating against him for filing inmate appeals and refusing to house him with Dungan, his former cellmate. We review for an abuse of discretion, Western Systems, Inc. v. Ulloa, 958 F.2d 864, 867 (9th Cir.1992), cert. denied, 113 S.Ct. 970 (1993). We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.
 
 BACKGROUND
 
 3
 On November 16, 1992, Jackson filed an amended civil rights complaint alleging that prison officials retaliated against him for filing inmate appeals on his own behalf and on behalf of Dungan, his former cellmate, by filing false reports against Dungan and transferring Dungan out of Jackson's housing unit; engaged in racial discrimination by prohibiting Jackson, who is black, from sharing a cell with Dungan, who is white; sexually harassed him regarding his relationship with Dungan; placed false documents in his prison file; and denied him admission to the Department of Mental Health (DMH) solely because Dungan was housed there.
 
 
 4
 Two months later, Jackson filed a motion for a preliminary injunction seeking an order directing prison officials to remove Dungan from the DMH and to cease harassing and retaliating against him for filing inmate appeals. In response, prison officials stated that they removed Dungan from Jackson's cell because they believed he would benefit from treatment in the DMH, where he remained until he was paroled, and temporarily placed Jackson in special housing because he threatened suicide. The district court denied Jackson's request for a preliminary injunction on the grounds that he lacked standing to challenge Dungan's placement in the DMH and failed to demonstrate a significant threat of irreparable injury.
 
 DISCUSSION
 
 5
 "A party seeking a preliminary injunction must demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips in its favor." Hunt v. Nat'l Broadcasting Co., Inc., 872 F.2d 289, 293 (9th Cir.1989). Under either formulation of the test, the moving party must demonstrate a significant threat of irreparable injury. Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir.1985).
 
 
 6
 The district court properly found that Jackson lacked standing to challenge Dungan's transfer to the DMH, see Darring v. Kincheloe, 783 F.2d 874, 877 (9th Cir.1986), and that his speculative allegations of harassment and retaliation for filing inmate appeals did not establish a significant threat of irreparable injury. Although Jackson asserts that he and Dungan were transferred in retaliation for filing inmate appeals, he acknowledges that he has attempted suicide and does not dispute prison officials' statements that they transferred Dungan to the DMH because they believed he would benefit from treatment and that inmates who attempt suicide must be moved to more secure housing. We therefore affirm the district court's denial of Jackson's motion for a preliminary injunction.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3