**Curlin PENNICK, III, Plaintiff—Appellant,**

v.

**Dean MASON, Administrator of Grievance Procedure, Monroe Prison Facility; et al., Defendants—Appellees.**

No. 06–35978.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 1, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

394

Curlin Pennick, III, Walla Walla, WA, pro se.

Douglas Wayne Carr, Esq., Office of the Washington Attorney General Criminal Justice Division, Olympia, WA, for Defendants–Appellees.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Washington state prisoner Curlin Pennick, III, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights by confiscating legal papers from his cell. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Shakur v. Schriro,* 514 F.3d 878, 883 (9th Cir.2008), and affirm.

Pennick contends that the Washington Department of Corrections ("DOC") unconstitutionally deprived his fellow inmates of their right to receive legal assistance from him. This contention lacks merit because Pennick has no standing to assert third-party rights. *See Darring v. Kincheloe,* 783 F.2d 874, 877–78 (9th Cir.

1986). To the extent that Pennick contends that officials violated his own right to provide legal assistance to other inmates, his argument fails because DOC provides sufficient legal assistance to inmates and therefore may limit inmates from furnishing legal assistance to fellow prisoners. *See* Wash. Rev.Code § 72.09.190 (2008); Washington Dep't of Corr. Policy Directive No. 590.500; *Johnson v. Avery,* 393 U.S. 483, 490, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). Moreover, the district court properly concluded that even if DOC did not provide such legal assistance, the policy that prohibits inmates from possessing each others' legal papers outside the law library is reasonably related to legitimate penological interests. *See Turner v. Safley,* 482 U.S. 78, 79, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

Pennick argues that his legal papers were confiscated and destroyed in violation of his due process rights. The district court properly granted summary judgment because deprivation of property does not constitute a due process violation where, as here, a post-deprivation state remedy is available. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *see also* Wash. Rev. Code §§ 4.92.090, 72.02.045 (providing remedy for tortious conduct of state officials and for loss of prisoners' property, respectively).

Pennick's remaining contentions are not persuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.