8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James B. PACKARD, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-15453.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 17, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this action, James B. Packard (Packard) alleges the United States Post Office breached its contract with him for a post office box by raising the monthly cost of that box from $10.00 to $17.50. The caption of Packard's complaint premises jurisdiction on, among other things, 42 U.S.C. § 1983.
 
 
 3
 The district court rejected Packard's claim of jurisdiction under 42 U.S.C. § 1983. It found that, although Packard purported to sue under section 1983, the "essence" of his complaint was a breach of contract claim. Since Packard sought damages in excess of $10,000, subject matter jurisdiction was properly in the United States Claims Court, not the district court. See 28 U.S.C. §§ 1346 and 1491(a)(1). Alternatively, the district court held the defendant was entitled to summary judgment because the contract specified that the parties were bound by postal regulations, a "Change in Fees" regulation was in effect at the time the contract was signed, and the fee increases were made in compliance with those regulations.
 
 
 4
 We need not reach the jurisdictional issue because, assuming the district court had subject matter jurisdiction over Packard's claims, see Clow v. United States Dep't of Housing & Urban Dev., 948 F.2d 614, 616 n. 2 (9th Cir.1991), the United States was entitled to summary judgment because Packard failed to demonstrate that a genuine issue of material fact existed that his post office box contract was arbitrarily impaired.[1] In his rental agreement, Packard agreed to comply with "all postal rules relative to the renting and use of Post Office lockboxes." (Supp. ER at 14.) Pursuant to 39 U.S.C. § 3621, the Post Office instituted Domestic Mail Manual (DMM) § 951.211, which provides: "Revisions of lockbox rental fees may be made effective at any time." Packard does not contend that DMM § 951.211 was instituted in violation of 39 U.S.C. § 3621, nor that the Postal Service charged him lockbox rental fees in excess of those established pursuant to that statute.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We review the district court's granting of summary judgment de novo. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986)