15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David Earl TAYLOR, Plaintiff-Appellant,
v.
Ron ANGELONE, George Deeds, Mr. Jessup, Ray Procunier, Larry
O'Halloran, Senior Correctional Officer Jablonski, Miner
Adams, Correctional Officer Bavier, Dave Vernon, John and
Jane Does, Defendants-Appellees.
 No. 92-15258.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided Dec. 7, 1993.
 
 1
 Before: HUG and LEAVY, Circuit Judges, and REAL,** Chief District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The appellant, David Earl Taylor, filed a civil rights complaint pursuant to 42 U.S.C. Sec. 1983 against various guards and officials associated with the Nevada State prison system for an assault that allegedly occurred on September 10, 1990, in the Southern Desert Correctional Facility. In his amended complaint, Taylor alleged:
 
 
 4
 On September 10th, 1990 I was physicaly [sic] attacked by an inmate, who later informed myself in front of two witnesses that he was told (threatened by (4) inmates whom the guards (4) guards, [sic] Jablonski, Vernon, Miner Adams, and Bavier, had told the (4) inmates to get the attacker to attack me, or the (4) inmates were going to beat him up if he didn't attack me, and I have sworn affidavits of witnesses who saw the attack ensue, while the four officers stood by, watched and did nothing to stop the attack, while the attacker, hit me in the head with a long handled wooden toilet brush, and threw hot water upon me, and tried to take me to the ground, when I informed the Warden, Mr. George Deeds of the attack, nothing was done, about my request for an investigation, nor were any of the witnesses ever seen or spoken to, as to what had happened.
 
 
 5
 No. CV-N-91-178-ECR, Amended Complaint, Docket Entry 11 (filed July 1, 1991). Taylor alleges violations of due process and the First, Fourth, Sixth, Eighth, and Fourteenth Amendments. He claims the attack was never investigated; that one of the defendants, Dave Vernon, refused to accept his grievance; and that he was subjected to reprisals for other complaints he made about the Southern Desert Correctional Facility.
 
 
 6
 On October 11, 1991, the defendants filed a "Motion to Dismiss/Motion For Summary Judgment." Attached to this motion were two affidavits: one from a defendant, Reginald Jessup, a prison investigator, and the other from Ruth Hoch, a registered nurse who worked at the Southern Desert Correctional Facility. In response to the defendants' motion to dismiss, Taylor filed a Motion in Opposition To Defendants' Motion To Dismiss/Motion For Summary Judgment. Attached to the motion was Taylor's own affidavit. See No. CV-N-91-178-ECR, Docket Entry No. 18 (filed October 17, 1991). Taylor also submitted sixty-one exhibits and affidavits from other inmates in support of his opposition motion. Id., Docket Entry No. 26 (filed November 12, 1991).
 
 
 7
 The district court treated the motion as a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The court found that Taylor had provided no factual allegations to show the assault took place because the guards wanted to injure or intimidate him. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 8
 With the record it had before it, however, the district court erred in treating the motion as a motion to dismiss under Rule 12(b)(6). Rule 12(b) provides:
 
 
 9
 If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
 
 
 10
 Rule 56(c) and (e) provide for submission of affidavits by the parties to demonstrate whether or not there is a genuine issue for trial. Where, as here, the non-moving party will bear the burden of proof at trial, "Rule 56(e) ... requires the nonmoving party to go beyond the pleadings and by his own affidavits or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56(e)). Because Taylor went beyond the pleadings and submitted affidavits, the court should have ruled on the motion as a motion for summary judgment.
 
 DISCUSSION
 
 11
 We may make an "independent determination" under the applicable standard of de novo review for summary judgment. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986); Dubbs v. CIA, 866 F.2d 1114, 1118 (9th Cir.1989). We examine this appeal as if it had not been heard before and as if no decision previously had been rendered. See Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir.1992).
 
 
 12
 Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. Ashton v. Cory, 780 F.2d 816, 818 (9th Cir.1986).
 
 
 13
 In his affidavit, prison investigator Jessup states that he was "in and out" of Unit 8 at the Southern Desert Correctional on September 10, 1990 and that Taylor displayed no signs of injury. Jessup also states that none of the Unit 8 officers reported any physical assault on Taylor on that date. Hoch states in her affidavit that Taylor's medical file contains no "inmate request for services" of the medical department on or about September 10, 1990, and that there is no medical record of any assault on Taylor on that date. However, one of the affidavits Taylor produced, that of Joseph Randall Haworth, directly contradicts the Jessup and Hoch affidavits that there was no assault on September 10, 1990:
 
 
 14
 I, the undersigned hereby declare under the penalty of perjury, pursuant to 28 U.S.C. 1746; 18 U.S.C. 1621; and offer the following statement as to the alleged incidents, currently occurring within Unit # 8, INDIAN SPRINGS, NEVADA.
 
 
 15
 Since I have requested protective custody, officers working unit 8 have on different occasions given inmates names of people informing [on] them in order to have informant hurt.
 
 
 16
 I have seen officers stand by and watch inmates attack other inmates and not try to stop it because they themselves are having problems with that inmate. This has happened as recently as Sept. 10, 1990. Four (4) officers stood by while one inmate through [sic] hot water and then attacked another with a long handled toilet brush and nothing [was done] to stop it.
 
 
 17
 No. CV-N-91-178-ECR, Submission of Affidavits, Letters, Responses, and Exhibits, Favorable To Plaintiff's Motion In Opposition To Defendants Motion To Dismiss/Motion For Summary Judgment, Docket Entry No. 26, Exhibit 55 (filed November 12, 1991). While this affidavit does not name Taylor, the date and the description of the incident match the allegations in Taylor's complaint.
 
 
 18
 Moreover, there are indications that at least one prison guard may have tried to stymie Taylor's attempts to file a grievance. Phillip E. Wolf, another inmate at the Southern Desert Correctional Facility stated in an affidavit:
 
 
 19
 I, the undersigned hereby declare under the penalty of perjury, pursuant to 28 U.S.C. 1746; 18 U.S.C. 1621; and offer the following statement as the alleged incidents, currently occurring within unit 8, INDIAN SPRINGS, NEVADA.
 
 
 20
 On 11th day of October, 1990, I was celled up with I/M David Taylor, in cell 8-B-32.
 
 
 21
 I/M David Taylor had filed a[n] "Inmate Grievance" in accordance with the proper procedures.
 
 
 22
 I/M David Taylor, had requested of c/o Dave Vernon, to sign the grievance in accordance with policies. C/o Dave Vernon refused to sign the grievance stating "he wasn't signing any dam[n] grievance for any fucking inmate.
 
 
 23
 I/M David Taylor than [sic] stated to c/o Dave Vernon that, that was the main problem around here. That he didn't follow the proper procedures, and that (c/o Vernon) he made up his own A.R.'s and policies as he went along.
 
 
 24
 C/o Dave Vernon that [sic] stated "That's right, that's what I get paid to do. And I think that I'm doing a dam[n] good job of it."
 
 
 25
 No. CV-N-91-178-ECR, Submission of Affidavits, Letters, Responses, and Exhibits, Favorable To Plaintiff's Motion In Opposition To Defendants Motion To Dismiss/Motion For Summary Judgment, Docket Entry No. 26, Exhibit 18 (filed November 12, 1991).
 
 
 26
 These affidavits, taken as true and construed in the light most favorable to Taylor, are sufficient to defeat a motion for summary judgment. They present genuine issues of material fact for trial on whether the assault occurred and whether the guards had any role in provoking the attack or hindering the investigation. Therefore, we reverse.
 
 
 27
 REVERSED and REMANDED for reinstatement of the complaint.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Manuel L. Real, Chief United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3