24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Keith Alan ROBBINS, Plaintiff-Appellant,
v.
Sam LEWIS, et al., Defendants-Appellees.
 No. 92-17052.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 21, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Keith Alan Robbins, an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. Sec. 1983 action against prison officials. We have jurisdiction under 28 U.S.C. Sec. 1291. We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 The district court may dismiss an action sua sponte before service of process if the action is frivolous. 28 U.S.C. Sec. 1915(d); Neitzke v. Williams, 490 U.S. 319, 324 (1989). An action is frivolous if it lacks an arguable basis either in law or in fact. Id. at 325.
 
 
 4
 Robbins's complaint alleges that when he was transferred to a new prison unit in April 1992, the defendants prohibited him from continuing to act as a legal assistant for Edward Apodaca, a prisoner housed in a different unit. Robbins also alleges that the defendants read the legal papers he was ordered to return to Apodaca, and removed from the envelope a letter Robbins had written to Apodaca explaining the situation. Robbins claimed that the defendants' decision deprived Apodaca of his constitutional right of access to the courts.
 
 
 5
 As the district court found, however, Robbins does not have standing to challenge the denial of his request to continue providing legal assistance to Apodaca on the ground that the denial violates Apodaca's right of access to the courts. See Darring v. Kincheloe, 783 F.2d 874, 877-78 (9th Cir.1986) (no standing where plaintiff not injured by defendants' actions). Robbins also lacks standing to claim that the reading of Apodaca's legal papers violates Apodaca's right of access to the courts. See id. Accordingly, we affirm the dismissal of Robbins's action. See Neitzke, 490 U.S. at 325.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3