41 F.3d 1513
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James H. HUDSON, Plaintiff-Appellant,
v.
Diana ALBERT; B. Lockwood; Ray Davalos, et al.,
Defendants-Appellees.
 No. 93-17319.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 10, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James H. Hudson, a California prisoner, appeals pro se the district court's denial of his motion for reconsideration of the grant of summary judgment in favor of Diana Albert, an apprentice plumber, and other employees of the California Training Facility (CTF) at Soledad. Hudson also appeals the district court's denial of his request for a preliminary injunction to prevent his transfer from Soledad. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Hudson filed an action under 42 U.S.C. Sec. 1983 seeking an injunction and damages relating to his exposure to asbestos at CTF Soledad on March 29, 1990.[1] On that date, he alleges, he was escorted through a cloud of airborne asbestos particles en route to his work assignment. A medical examination performed seven months later at his request showed no asbestos-related damage.
 
 
 4
 The district court granted the defendants' motion for summary judgment because none of the evidence Hudson presented or proposed to gather was competent to refute their showing that he was not exposed to dangerous levels of asbestos. We review de novo. Darring v. Kinchloe, 783 F.2d 874, 876 (9th Cir.1986).
 
 
 5
 Summary judgment is appropriate when there is no genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). There may be no triable issue if "the evidence is of insufficient caliber or quantity to allow a rational finder of fact" to find for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).
 
 
 6
 Here, Hudson claimed that on March 29, 1990 he walked through a cloud of asbestos particles. This, he asserted, "more than likely will result in asbestos-related diseases, which more than likely will shorten my life, and cause me a great deal of pain and suffering." He filed numerous declarations of other inmates and prison employees to show that they were exposed to asbestos on other days and that administrators at Soledad were lax in enforcing asbestos-related safety standards. He also asserted that he had entrusted asbestos fibers from the March 29, 1990 incident to the care of another inmate with whom he had lost contact.
 
 
 7
 The defendants conceded that plumbing repairs on Hudson's tier had loosed asbestos fibers on March 29, 1990. They produced the results of tests taken within a few hours of the incident, however, showing that the level of airborne asbestos did not exceed the minimum established by the California Occupational Health and Safety Administration for unprotected employee exposure. None of Hudson's filings refuted this data. We affirm the grant of summary judgment because Hudson's evidence was insufficient to allow a rational trier of fact to conclude that he was exposed to dangerous levels of asbestos. See Anderson, 477 U.S. at 255. We decline to address Hudson's allegations of retaliatory persecution, raised for the first time in this appeal. See Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court denied Hudson's request for a preliminary injunction because he did not establish that his transfer would cause "irreparable injury." See Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc., 762 F.2d 1374, 1376 (9th Cir.1985). We discern no abuse of discretion. See id. Hudson concedes that his transfer from Soledad to Vacaville rendered moot his claims for injunctive relief