45 F.3d 438
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John WITHEROW, Plaintiff-Appellant,
v.
Robert GARCIA; Charles L. Wolff, Jr.; Sherman Hatcher, All
in individual and official capacities, Defendants-Appellees.
 No. 94-15689.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 27, 1994.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Witherow, an Arizona state prisoner, appeals the district court's order dismissing his 42 U.S.C. Sec. 1983 complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Witherow contends that the district court erred by finding that prison officials reasonably restricted him from providing legal assistance to inmates confined in administrative segregation. Witherow also contends that the district court erred by finding that prison officials had not retaliated against him for assisting other inmates with their legal matters. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal of a 42 U.S.C. Sec. 1983 complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994). We may affirm a district court's decision on any ground finding support in the record. New Kids on the Block v. New America Pub., Inc., 971 F.2d 302, 305 (9th Cir.1992).
 
 
 4
 As a threshold matter, this Court must raise jurisdictional issues sua sponte. MacKay v. Pfeil, 827 F.2d 540, 542 (9th Cir.1987); see also Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir.1993) (the fundamental question on every appeal " 'is that of jurisdiction, first, of this court, and then of the court from which the record comes' ") (quoting Mansfield C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884)).
 
 
 5
 The prison officials argued below that Witherow lacked standing to bring this Sec. 1983 action to vindicate the segregated inmates' rights of access to the courts. Although the prison officials have abandoned this argument on appeal, we have an obligation to address it as it "calls into question the propriety of the district court's exercise of jurisdiction." Wauchope v. United States Dep't of State, 985 F.2d 1407, 1410 (9th Cir.1993) (citing Secretary of State of Maryland v. Joseph H. Munson Co., 467 U.S. 947, 954 n. 4 (1984)); see also McMichael v. County of Napa, 709 F.2d 1268, 1269 (9th Cir.1983) (federal courts must address the question of standing in every case that comes before it)).
 
 
 6
 It is well established that a plaintiff generally "cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975); Wauchope, 985 F.2d at 1411; see also Darring v. Kincheloe, 783 F.2d 874, 877 (9th Cir.1986) (federal courts historically reluctant to recognize third-party standing)). In order to have standing, a plaintiff must (1) assert his own rights, rather than rely on the rights or interests of third parties; (2) allege an injury that is more than a generalized grievance; and (3) allege an interest that is arguably within the zone of interests protected or regulated by the statute or constitutional guarantee in question. Hong Kong Supermarket v. Kizer, 830 F.2d 1078, 1081 (9th Cir.1987). Plaintiff's failure to satisfy any of these requirements defeats standing. Id. (citing Fors v. Lehman, 741 F.2d 1130, 1132 (9th Cir.1984)).
 
 
 7
 Nevertheless, this Court recognizes an exception to this rule when a plaintiff can show that (1) he or she has suffered an "injury-in-fact, thus giving [the plaintiff] a sufficiently concrete interest in the outcome of the dispute"; (2) he or she has a close relationship to the party; and (3) the third party's ability to protect his or her own interests is hindered. Wauchope, 985 F.2d at 1411 (citing Powers v. Ohio, 499 U.S. 400, 411 (1991)).
 
 
 8
 Here, Witherow alleges that prison officials have impermissibly interfered with his right to provide legal assistance to the segregated inmates. Witherow, however, has no such right when the state provides inmates with meaningful alternatives to gain access to the courts. See Johnson v. Avery, 393 U.S. 483, 488-90 (1969); Storseth v. Spellman, 654 F.2d 1349, 1352-53 (9th Cir.1981). The record indicates that the state has provided inmate law clerks to assist segregated inmates with legal matters because segregated inmates lack personal access to the prison's law library.[1] Under these circumstances, Witherow has no individual right to assist particular inmates. See id. Thus, Witherow cannot now claim that he has suffered an "injury-in-fact," Wauchope, 985 F.2d at 1411, because he has no constitutional right to provide legal assistance to the segregated inmates. See Johnson, 393 U.S. at 488-90; Storseth, 654 F.2d at 1353.
 
 
 9
 Moreover, Witherow has not demonstrated that he shares a "close relation to the third part[ies]." Wauchope, 985 F.2d at 1411. Witherow has not indicated that he is a co-plaintiff in any pending action involving a segregated inmate, or that his "interests coincide with those third parties" whom he wishes to assist. See id. Finally, Witherow has not alleged that the segregated inmates have been unduly hindered in the pursuit of their own legal remedies or prejudiced from not receiving his assistance. Instead, Witherow alleges in a conclusory fashion that the legal services provided by inmate law clerks are inadequate to meet the needs of inmates in segregated confinement. These allegations are not supported by the evidence in the record.
 
 
 10
 In essence, Witherow has only alleged that these inmates were deprived of his assistance. The record, however, indicates that the segregated inmates have not complained that prison officials have deprived them of meaningful access to the courts by not allowing Witherow to assist them. Moreover, Witherow concedes that prison officials have not completely barred him from rendering any legal assistance to non-segregated inmates at Ely State Prison. Witherow therefore lacks standing to challenge the prison officials' order which forbids him from providing legal assistance to the segregated inmates.[2] See Wedges/Ledges of California Inc. v. City of Phoenix, Arizona, 24 F.3d 56, 61-62 (9th Cir.1994); Wauchope, 985 F.2d at 1411.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Prison officials offered Witherow, who was once himself an inmate law clerk, a second opportunity to assist segregated inmates by becoming an inmate law clerk. Witherow, however, declined the offer
 
 
 [2]
 Because we find that Witherow lacks standing to challenge the prison officials' order, we need not address the merits of his claims