68 F.3d 480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mitchell Harrell JACKSON, Plaintiff-Appellant,
v.
ARIZONA DEPARTMENT OF CORRECTIONS; Arizona's Forty-First
Legislature, Defendants-Appellees.
 No. 95-16278.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mitchell Harrell Jackson, an Arizona prisoner, appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal of his 42 U.S.C. Sec. 1983 action against the Arizona Department of Corrections and the Arizona Forty-First Legislature ("defendants"). Jackson alleged that defendants violated his First, Fifth, and Fourteenth Amendment rights by enacting legislation that requires inmates to pay a portion of their filing fees, prohibits inmates from suing the state or local subdivisions while they are incarcerated, allows forfeiture of good-time credits if inmates files suits without substantial justification, and allows the state to deduct the cost of incarceration from monetary awards granted to inmates. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review for abuse of discretion, see Hernandez v. Denton, 504 U.S. 25, 32 (1992), and we vacate and remand.
 
 
 3
 Here, the district court dismissed Jackson's complaint as frivolous because Jackson failed to name individual defendants in his complaint, and his action, as written, is barred by the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (holding that a suit against the state and its Board of Corrections is barred by the Eleventh Amendment absent consent); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The district court also concluded that Jackson lacked standing because he failed to show that he had a stake in the outcome of the case. See Darring v. Kinchloe, 783 F.2d 874, 876-77 (9th Cir. 1986) (holding that in order to establish standing, a litigant must show that he has a personal stake in the outcome of the case and that he has suffered some actual or threatened injury).
 
 
 4
 A pro se litigant, however, is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal. See Lucas v. Department of Corrections, No. 93-55227, slip. op. 11911, 11918 (9th Cir. Sept. 20, 1995) (per curiam) (holding that where a prisoner names the Department of Corrections as a defendant, he is entitled to an opportunity to amend since such a defect is curable by amendment). Although Jackson's complaint failed to name proper defendants or allege any harm associated with the enactment of the legislation, these defects could be cured by amendment. See id. Accordingly, out of an abundance of caution, we vacate the district court's judgment and remand for further proceedings. See id.
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3