21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne D. KLUMP, Defendant,
and
Luther Wallace Klump, Defendant-Appellant.
 No. 93-16728.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 12, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Luther Wallace Klump appeals pro se the district court's summary judgment for the United States in the government's action to quiet title to approximately 60,000 acres of land in Arizona. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, see Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986), and affirm.
 
 
 3
 Klump contends the district court erred because the United States Constitution forbids the federal government from owning land. The power of the federal government to own land, however, is set forth in the Property Clause of the Constitution. See U.S. Const. art. IV, Sec. 3, cl. 2 ("[t]he Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States"). Pursuant to the Property Clause, " 'Congress exercises the powers both of a proprietor and of a legislature over the public domain.' " Nevada v. Watkins, 914 F.2d 1545, 1553 (9th Cir.1990) (quoting Kleppe v. New Mexico, 426 U.S. 529, 540 (1976)), cert. denied, 499 U.S. 906 (1991). Thus, Klump's contention lacks merit.
 
 
 4
 The district court found that the government's evidence established that the land in dispute was public land, and that Klump had not offered any evidence to show that the land belongs to him.[1] The district court also found that Klump could not assert title by adverse possession. Klump does not argue on appeal that the district court's findings are wrong, but, rather, maintains that government ownership of land violates the Constitution. As we stated above, the Constitution itself empowers the federal government to own land. Thus, the district court did not err by granting summary judgment for the government.[2]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Klump attached to his opening brief a copy of the claim he recorded in which he asserts that his family's rights to the land date back to 1880. Klump apparently failed, however, to produce any evidence showing a transfer of title to his family
 
 
 [2]
 We do not agree with Klump that 43 U.S.C. Sec. 315, which Klump cites for the first time in his reply brief, supports Klump's argument. Klump's contentions regarding the district court's "cultural maturity" and alleged bias, and the court's decision not to hold a hearing on the government's summary judgment motion also lack merit