108 F.3d 1385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wayne D. KLUMP, Plaintiff-Appellant,
v.
Bruce BABBITT, Secretary of the Interior, Defendant-Appellee.
 No. 95-16109.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 17, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wayne Klump appeals pro se the district court's summary judgment for the defendants in his action alleging that the Interior Board of Land Appeal's ("IBLA") decision upholding the Bureau of Land Management's ("BLM") impoundment of his cattle was arbitrary and capricious. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). We review decisions of the IBLA pursuant to the Administrative Procedures Act, and we will uphold the IBLA's decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); See Northwest Motorcycle Ass'n v. USDA, 18 F.3d 1468, 1471 (9th Cir.1994).
 
 
 4
 Klump contends that the Bureau of Land Management ("BLM") acted arbitrarily and capriciously by failing to follow the regulations governing the impoundment and disposition of livestock. This contention lacks merit.
 
 
 5
 An owner of livestock must obtain a permit from the Bureau of Land Management prior to grazing his livestock on public lands. 43 C.F.R. § 4130.2(a). If the owner grazes his livestock on public land without a grazing permit, then the BLM will order the owner either to remove the offending livestock or demonstrate that the livestock is not in trespass. 43 C.F.R. § 4150.2(a). If the owner fails to comply with the removal order, the BLM will notify the owner that the offending livestock may be impounded after five days. 43 C.F.R. § 4150.4-1(a). Any livestock impounded by BLM may be sold at public auction. 43 C.F.R. § 4150.4-5.
 
 
 6
 Here, the BLM rejected Klump's application for a grazing permit for the 1992/93 grazing season because Klump refused to submit to the BLM's eartagging requirement. The BLM notified Klump that his application was unacceptable and informed him that any cattle found on the allotment would be considered in trespass. Despite the BLM's warning, Klump grazed his cattle on public land without obtaining a valid grazing permit for the 1992/93 grazing season. The BLM subsequently issued Klump a trespass notice and order of removal. When Klump refused to remove his cattle, the BLM issued Klump a notice of intent to impound on April 24, 1992, and subsequently impounded Klump's cattle on May 20, 1992 when he failed to remove them from public land. The BLM then notified Klump that his cattle would be sold if they were not redeemed prior to the date of sale. Klump failed to redeem his cattle and they were sold. Because the BLM followed the impoundment regulations, the district court properly found that the BLM's actions were not arbitrary and capricious. See Bendoni v. Navajo-Hpopi Indian Relocation Comm'n, 878 F.2d 1119, 1123 (9th Cir.1989).
 
 
 7
 Klump further contends that the regulations themselves violate due process because they do not provide for a predeprivation hearing. This contention lacks merit.
 
 
 8
 Although the fundamental requirement of due process is notice and opportunity to be heard, Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950), a predeprivation hearing is not required in all circumstances. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982). The process that is required in a particular context depends on a balancing of the following factors: (1) the importance of the private interest and the length or finality of the deprivation; (2) the likelihood of government error; and (3) the magnitude of the governmental interest. Id.
 
 
 9
 Although Klump's interest in maintaining his property rights to the impounded cattle is substantial, especially because cattle are potential income-generating animals, Porter v. Diblasio, 93 F.3d 301, 306 (7th Cir.1996), the risk of governmental error is relatively low. The regulations require the BLM to give the owner of the unauthorized livestock several notices prior to impounding the offending livestock, including a trespass notice and order of removal, and a notice of intent to impound. See 43 C.F.R. §§ 4150.2, 4150.4-1. In addition, the trespass notice gives the alleged violator a opportunity to present evidence that there is no violation. See 43 C.F.R. § 4150.2. Once the livestock is impounded, the regulations allow the owner to redeem the livestock at any time before they are sold at public auction. See 43 C.F.R. § 4150.4-4.
 
 
 10
 Moreover, the government has a substantial interest in preserving the integrity of the public land. See Utah Power & Light Co., 243 U.S. 389, 404-05 (1917); see also Nevada v. Watkins, 914 F.2d 1545, 1552-53 (9th Cir.1990). Because the government has a substantial interest in protecting the public land, and the regulations require notice and an opportunity to demonstrate that the livestock is not in trespass before it is impounded, we agree with the district court that the BLM impoundment regulations do not violate Klump's Fifth Amendment right to due process. See Goichman v. Rheuban Motors, Inc., 682 F.2d 1320, 1323-24 (9th Cir.1982) (due process does clause not entitle the owners of towed vehicles to an immediate hearing).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Klump's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Klump's contention that he did not need prior permission from the BLM to repair pipelines and clean existing roads because he already owned the land is without merit. Klump released his claim to the lands at issue, and this court subsequently held that the United States owned the land. See United States v. Klump, No. 93-16728, 1994 WL 127169 (9th Cir. April 12, 1994)
 In addition, Klump contends that the BLM must issue a final decision regarding his grazing application prior to impounding his cattle. Klump failed to raise this issue before the district court and he did not show exceptional circumstances explaining his failure to do so. Accordingly, we will not consider this issue on appeal. See International Union of Bricklayers Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985) (court will review an issue not raised in the district court only in exceptional circumstances).